**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Michael A. Urban, Nevada State Bar No. 3875
Nathan R. Ring, Nevada State Bar No. 12078
4270 S. Decatur Blvd. Suite A-9
Las Vegas, Nevada 89103
Telephone:  (702) 968-8087
Facsimile:  (702) 968-8088
Electronic Mail:  murban@luch.com
                            nring@luch.com
*Counsel for Plaintiffs/Judgment Creditors*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD MARTINEZ, an individual, doing business as "ALPHA 1 CONSTRUCTION," <br><br> Defendant. | CASE NO.:   2:14-CV-01780-RFB-CWH <br><br> **APPLICATION FOR JUDGMENT DEBTOR EXAMINATION OF DONALD MARTINEZ** |

Plaintiffs/Judgment Creditors, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust and Trustees of the Operating Engineers Training Trust, hereby request an Order directing the appearance of Defendant/Judgment Debtor  Donald Martinez, an individual, doing business as "Alpha 1 Construction" (hereinafter "Mr. Martinez"), and an Order directing the production of certain documents subject to the ownership and control of Mr. Martinez.

/ / /

1

1    This application is supported by the attached Memorandum of Points and Authorities;

2  Declaration of Nathan R. Ring, attached hereto as **Exhibit A;** and the proposed Order, attached hereto as

3  **Exhibit B**.

4  May 11, 2015                              **Respectfully submitted,**

5                                            **LAQUER, URBAN, CLIFFORD & HODGE LLP**

6

7                                            */s/ Nathan R. Ring*
                                             Michael A. Urban, Esq., Nevada State Bar No. 3875
8                                            Nathan R. Ring, Esq., Nevada State Bar No. 12078
                                             4270 S. Decatur Blvd., Suite A-9
9                                            Las Vegas, Nevada 89103
                                             Telephone:  (702) 968-8087
10                                           Electronic Mail:  murban@theurbanlawfirm.com
                                                      nring@theurbanlawfirm.com
11                                           ***Counsel for Plaintiffs/Judgment Creditors***

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 69 of the Federal Rules of Civil Procedure provides that "[i]n aid of the judgment or execution, the judgment creditor … may obtain discovery from any person—including the judgment debtor." Fed. R. Civ. P. 69(a)(2). As this Court has noted, Rule 69 "permits discovery from the judgment debtor and/or third persons." *Montgomery v. Etreppid Technologies, LLC*, 2009 WL 465941, *1 (D. Nev. Feb. 25, 2009) (citing *Danning v. Lavine*, 572 F.2d 1386, 1389-90 (9th Cir. 1978)); *1st Technology, LLC v. Rational Enterprises LTDA*, 2007 WL 5596692, *4 (D. Nev. 2007)).

### A.    Judgment Creditors Are Entitled to a Judgment Debtor Examination.

Pursuant to Rule 62 of the Federal Rules of Civil Procedure, proceedings to enforce a money judgment may be initiated once 14 days have passed since the entry of judgment, unless the judgment debtor has obtained a stay by posting a supersedeas bond. Fed R. Civ. P. 62(d). More than 14 days have passed since judgment was entered, no supersedeas bond is on file, and no one has sought a stay of execution. Ring Decl. ¶ 2.  Accordingly, the Judgment Creditors may proceed.

Rule 69(a)(2) provides that a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see also El Salto S.A. v. PSG Co.*, 444 F.2d 477, 484 n.3 (9th Cir.), *cert. denied*, 404 U.S. 940 (1971) ("a judgment creditor proceeding under Rule 69(a) may utilize either State practice or the federal rules for taking depositions").

Under Nevada procedure, the Judgment Creditors are entitled to a debtor examination. Nev. Rev. Stat. § 21.270 states that a judgment creditor, at any time after the judgment is entered, is "entitled to an order from the judge of the court requiring the judgment debtor to appear and answer upon oath or affirmation concerning his or her property" at an examination either before (1) the judge or master appointed by the judge or (2) an attorney representing the judgment creditor. Nev. Rev. Stat. § 21.270(1). The statute further states that no judgment debtor may be required to appear outside the county in which the judgment debtor resides. *Id.* This requirement is met since the Judgment Debtor's address is in Clark County, which is the same county wherein this Court is located. Ring Decl. ¶ 3.

1    **B.    The Debtor Examination Should Proceed Before a Magistrate.**

2    A Judgment Debtor Examination is necessary to enable Judgment Creditors to discover any and

3    all real and personal property, vehicles, assets, accounts, etc., of Judgment Debtor and facts relating

4    thereto, which may assist in potential executions to satisfy the Judgment.  Nev. Rev. Stat. § 21.270

5    entitles Judgment Creditors to an examination before either the Court or an attorney. Local Rule IB 1-

6    9(k) "authorizes this court to conduct judgment debtor examinations and to preside over proceedings to

7    enforce civil judgments." *Montgomery* at *1.  Additionally, Local Rule IB 1-9(n) gives a magistrate

8    judge the authorization to preside over proceedings to enforce civil judgments.

9    Because Nev. Rev. Stat. § 21.270 allows two options in proceeding for a judgment debtor

10   examination, Judgment Creditors will take this opportunity to explain its proposed order attached hereto.

11   If the Judgment Debtor is required to appear before any person other than a judge or master, the

12   proceedings must be transcribed by a court reporter or recorded electronically. Nev. Rev. Stat. §

13   21.270(2).  For this reason, Judgment Creditors desired to allow the Court the option to require the

14   appearance of the Judgment Debtor to be sworn in before the Court, thus obviating the need and expense

15   to transcribe or record the testimony.  Additionally, it is counsel's collective experience that each

16   Magistrate Judge in this Court handles the administration of judgment debtor examinations differently,

17   some Magistrates will allow debtors to be sworn in court and allow the parties to retire to another

18   location to actually take the examination, and other Magistrates who will not swear in debtors before the

19   Court. Ring Decl. ¶ 5. For this reason alone, the proposed order contains two blanks for the Judgment

20   Debtor's appearance to allow the Court to exercise its discretion in deciding how best to conduct the

21   debtor examination. The first blank would be to require the appearance in Court to be sworn, and the

22   second blank would be to require appearance at Judgment Creditors' counsel's law office to submit for

23   examination.

24   Accordingly, Judgment Creditors respectfully request that the swearing in for the examination

25   take place before a Magistrate Judge, with the parties allowed to retire to Judgment Creditors' counsel's

26   law office to conduct the examination.

27   / / /

28   / / /

4

**C.      Judgment Debtor Should Be Ordered to Produce Documents Necessary to Identify and Verify Assets and Liabilities.**

Judgment Creditors additionally request an order requiring production of relevant documents to enable them to pursue execution of the judgment. "The scope of post-judgment discovery is broad, 'the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *British Intern. Ins. Co., Ltd. v. Seguros La Republica, S.A.* 200 F.R.D. 586, 589 (W.D. Tex. 2000) (quoting *Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974)).   Accordingly, an order for the production of documents in aid of execution is appropriate.

**D.      Conclusion**

For the reasons stated above, pursuant to Rule 69 of the Federal Rules of Civil Procedure, Nev. Rev. Stat. § 21.270, and Local Rules IB 1-9(k), (n), Judgment Creditors respectfully request that this Court issue its Order for Judgment Debtor Examination to take place before a magistrate judge of this Court to be sworn in, and thereafter allow the parties to retire to another location to actually take the examination, as well as an order requiring the Judgment Debtor to produce the documents listed in the proposed order.

May 11, 2015                                  **Respectfully submitted,**

                                              **LAQUER, URBAN, CLIFFORD & HODGE LLP**


                                              */s/ Nathan R. Ring*
                                              Michael A. Urban, Esq., Nevada State Bar No. 3875
                                              Nathan R. Ring, Esq., Nevada State Bar No. 12078
                                              4270 S. Decatur Blvd., Suite A-9
                                              Las Vegas, Nevada 89103
                                              Telephone:  (702) 968-8087
                                              Electronic Mail:  murban@theurbanlawfirm.com
                                                          nring@theurbanlawfirm.com
                                              ***Counsel for Plaintiffs/Judgment Creditors***

1

**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Michael A. Urban, Nevada State Bar No. 3875

2

Nathan R. Ring, Nevada State Bar No. 12078

3

4270 S. Decatur Blvd. Suite A-9
Las Vegas, Nevada 89103

4

Telephone:  (702) 968-8087
Facsimile:  (702) 968-8088

5

Electronic Mail:  murban@luch.com
                             nring@luch.com

6

*Counsel for Plaintiffs/Judgment Creditors*

7

8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

11

TRUSTEES OF THE OPERATING

12

ENGINEERS PENSION TRUST, TRUSTEES
OF THE OPERATING ENGINEERS HEALTH

13

AND WELFARE FUND, TRUSTEES OF THE
OPERATING ENGINEERS VACATION-

14

HOLIDAY SAVINGS TRUST, and TRUSTEES
OF THE OPERATING ENGINEERS

15

TRAINING TRUST,

16

Plaintiffs,

17

v.

18

DONALD MARTINEZ, an individual, doing
business as "ALPHA 1 CONSTRUCTION,"

19

Defendant.

20

CASE NO.:   2:14-CV-01780-RFB-CWH

**DECLARATION OF NATHAN R. RING IN SUPPORT OF APPLICATION FOR JUDGMENT DEBTOR EXAMINATION OF DONALD MARTINEZ**

21

I, Nathan R. Ring, declare and state as follows:

22

1.      I am a member of the Bar of this Court and attorney of record for the Judgment

23

Creditors in the above-captioned action.

24

2.      Judgment was originally entered in the United States District Court, Central District of

25

California, Case Number CV14-02348 on July 17, 2014, in the amount of Sixty-Three Thousand Four

26

Hundred Thirty-Three Dollars and Thirteen Cents ($63,433.13) plus post-judgment interest, in favor of

27

Plaintiffs and against Defendant, Donald Martinez, an individual doing business as "Alpha 1

28

Construction" ("Judgment").  On August 6, 2014, the Judgment was registered with this Court and

1

entered in United States District Court, District of Nevada.  The Judgment has not been vacated, set aside or reversed and the amount of Sixty-Three Thousand Four Hundred Thirty-Three Dollars and Thirteen Cents ($63,433.13), exclusive of post-judgment interest and costs, remains owing and unpaid. There is no stay of execution and execution may properly be issued.

3.      On February 3, 2015, a Notice of Filing Application of Foreign Judgment and Affidavit of Judgment Creditor was served upon Donald Martinez.  *See* Affidavit of Service Notice of Filing Application of Foreign Judgment and Affidavit of Judgment Creditor (Dkt. 10).

4.      Mr. Donald Martinez is believed to reside at 5006 Bond Street in Las Vegas, Nevada.

5.      An Order scheduling an examination of Mr. Martinez, as an individual doing business as "Alpha 1 Construction" and requiring production of documents by Mr. Martinez is necessary to pursue collection of the judgment.  No prior examination has been conducted.

6.      I estimate the time for the examination in this matter will be approximately three hours. The subject of this examination will be the location and identification of all assets of Donald Martinez and all debts and obligations owed to Donald Martinez.  In addition to the appearance of Mr. Martinez, the current financial statements and records and recent past financial statements and records of Mr. Martinez and Alpha 1 Construction are necessary for a complete examination to be conducted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May 8, 2015, in Las Vegas, Nevada.


                                        */s/ Nathan R. Ring*
                                        NATHAN R. RING

1   **LAQUER, URBAN, CLIFFORD & HODGE LLP**
    Michael A. Urban, Nevada State Bar No. 3875
2   Nathan R. Ring, Nevada State Bar No. 12078
3   4270 S. Decatur Blvd. Suite A-9
    Las Vegas, Nevada 89103
4   Telephone:  (702) 968-8087
    Facsimile:  (702) 968-8088
5   Electronic Mail:  murban@luch.com
                      nring@luch.com
6   *Counsel for Plaintiffs/Judgment Creditors*

7

8                      **UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF NEVADA**

10

11  TRUSTEES OF THE OPERATING              CASE NO.:  2:14-CV-01780-RFB-CWH
    ENGINEERS PENSION TRUST, TRUSTEES
12  OF THE OPERATING ENGINEERS HEALTH
    AND WELFARE FUND, TRUSTEES OF THE      **[PROPOSED]**
13  OPERATING ENGINEERS VACATION-          **ORDER FOR JUDGMENT DEBTOR**
    HOLIDAY SAVINGS TRUST, and TRUSTEES    **EXAMINATION OF DONALD MARTINEZ**
14  OF THE OPERATING ENGINEERS
    TRAINING TRUST,
15
16                  Plaintiffs,

17          v.

18  DONALD MARTINEZ, an individual, doing
    business as "ALPHA 1 CONSTRUCTION,"
19
                    Defendant.
20

21

22          Having  considered  Plaintiffs'  Application  for  Judgment  Debtor  Examination  of  Donald

23  Martinez, an individual doing business as "Alpha 1 Construction", and the Declaration of Nathan R.

24  Ring, and good cause appearing,

25          **IT IS HEREBY ORDERED** that Defendant/Judgment Debtor Donald Martinez appear in

26  Courtroom _____3C_____ at the United States Courthouse for the District of Nevada, located at 333 Las

27  Vegas Blvd. South, Las Vegas, Nevada 89101, on the _____25_____ day of _____August_____, 2015 at

28  ____9:30 a.m._____..... to be sworn in for a Judgment Debtor Examination,

                                          1

**IT IS FURTHER ORDERED** that Donald Martinez, appear at the offices of Laquer, Urban, Clifford & Hodge, LLP located at 4270 S. Decatur Blvd., Suite A-9, Las Vegas, Nevada, on the __ 25 __ day of __August__, 2015, at __10:30 a.m.__, and answer concerning property subject to the ownership and control of Donald Martinez, an individual doing business as "Alpha 1 Construction."

**IT IS FURTHER ORDERED** that Donald Martinez shall produce at the offices of Laquer, Urban, Clifford & Hodge, LLP located at 4270 S. Decatur Blvd., Suite A-9, Las Vegas, Nevada, all of the following documents and things under his control, the Company's control, or under control of his agents for inspection and copying no less than **two (2) weeks prior** to the Judgment Debtor Examination:

1. All financial statements, including supporting schedules, compiled, reviewed, or audited for, on behalf of, or in connection with Donald Martinez, individually and/or doing business as Alpha 1 Construction, from January 1, 2013, to the present.

2. All original monthly bank statements of Donald Martinez, individually and/or doing business as Alpha 1 Construction, from January 1, 2013, to the present.

3. All original monthly bank statements of the spouse of Donald Martinez, if any, from January 1, 2013, to the present.

4. All original savings accounts pass books, certificates of deposit, and trust certificates in the name of Donald Martinez, individually and/or doing business as Alpha 1 Construction, from January 1, 2013, to the present.

5. All original savings accounts pass books, certificates of deposit, and trust certificates in the name of the spouse of Donald Martinez, if any, from January 1, 2013, to the present.

6. All original negotiable instruments and negotiable securities in the name of Donald Martinez, individually and/or doing business as Alpha 1 Construction, from January 1, 2013, to the present.

7. All evidence or other memoranda of any ownership interest of Donald Martinez, individually and/or doing business as Alpha 1 Construction, in any other corporation, partnership, unincorporated association or any business organized or conducted for the production of income from January 1, 2013, to the present.

8.      All evidence or other memoranda of any income received by Donald Martinez, individually and/or doing business as Alpha 1 Construction, from January 1, 2013, to the present, to include but not limited to tax returns, insurance proceeds, or repayment of loans.

9.      All evidence or other memoranda of any income received by the spouse of Martinez, if any, from January 1, 2013, to the present, to include but not limited to tax returns, insurance proceeds, or repayment of loans.

10.     All evidence or other memoranda of any employer, or place of work or employment of Donald Martinez, individually and/or doing business as Alpha 1 Construction, from January 1, 2013, to the present, including but not limited to contracts, invoices, billings, vouchers or payments.

11.     All evidence of any ownership interest of Donald Martinez, individually and/or doing business as Alpha 1 Construction, to include but not limited to, bills of sale, pink slips or any other record or title, in any motor vehicle, airplane, boat, equipment or machinery, from January 1, 2013, to the present.

12.     All evidence of any debts or payments owed to Donald Martinez, individually and/or doing business as Alpha 1 Construction, to include, but not limited to, those arising from loans or judgments.

13.     All evidence of any debts or repayments owed by Donald Martinez, individually and/or doing business as Alpha 1 Construction, to include, but not limited to, those arising from loans or judgments from January 1, 2013, to the present.

14.     Any and all evidence or other memoranda indicating that Donald Martinez, individually and/or doing business as Alpha 1 Construction, was either a plaintiff or a defendant in any lawsuit from January 1, 2013, to the present.

15.     Any and all evidence or memoranda indicating that Donald Martinez, individually and/or doing business as Alpha 1 Construction, received any judgment, award, bequest or devise in any lawsuit or other court action from January 1, 2013, to the present.

16.     Any and all evidence or memoranda indicating any ownership interest of Donald Martinez, individually and/or doing business as Alpha 1 Construction, in any patent, invention, trade name, or copyright.

3

17.     Any and all evidence or memoranda indicating an ownership interest of Donald Martinez, individually and/or doing business as Alpha 1 Construction, in any real property or developments on real property.

18.     Any and all evidence of the sale(s) of any real or personal property of Donald Martinez, individually and/or doing business as Alpha 1 Construction, from January 1, 2013, to the present.

19.     Any and all loan applications filled out by Donald Martinez, individually and/or doing business as Alpha 1 Construction, since January 1, 2013.

20.     Copies of all documents evidencing the sale or transfer of any assets of Donald Martinez, individually and/or doing business as Alpha 1 Construction, from January 1, 2013, to the present.

21.     Any and all documents evidencing any Federal or State tax liability of Donald Martinez, individually and/or doing business as Alpha 1 Construction, from January 1, 2013 to the present.

22.     Original cash disbursement journals and check registers maintained in connection with Donald Martinez, individually and/or doing business as Alpha 1 Construction, from January 1, 2013, to the present.

23.     All Federal income tax returns, including all supporting schedules prepared or filed for, or on behalf of, Donald Martinez, individually and/or doing business as Alpha 1 Construction, for the years 2012 to the present.

24.     All daily job logs, diaries or foreman reports of Donald Martinez, individually and/or doing business as Alpha 1 Construction, from January 1, 2013, to the present.

25.     All daily job tickets or invoices of Donald Martinez, individually and/or doing business as Alpha 1 Construction, from January 1, 2013, to the present.

26.     All subcontracts entered into by Donald Martinez, individually and/or doing business as Alpha 1 Construction, to perform construction projects for the time period of January 1, 2013, to the present.

27.     All accounts receivable reports for Donald Martinez, individually and/or doing business as Alpha 1 Construction, for the period of January 1, 2013, to the present.

4

28.     All canceled checks drawn on any account established in the name of Donald Martinez, individually and/or doing business as Alpha 1 Construction, from January 1, 2013, to the present.

29.     All evidence of any license to include, but not limited to, any business or professional license, issued by any city, county, state or any federal government agency or department in the name of Donald Martinez, individually and/or doing business as Alpha 1 Construction.

30.     Copies of all certified payroll records submitted by Donald Martinez, individually and/or doing business as Alpha 1 Construction, to any general contractor or public contracting agency for public works projects for work performed during the time period from January 1, 2013, to the present.

31.     Copies of all certified payroll records submitted by Donald Martinez, individually and/or doing business as Alpha 1 Construction, to any general contractor or public contracting agency for public works projects for work performed during the time period from January 1, 2013, to the present.

32.     Evidence of all payments made by Donald Martinez, individually and/or doing business as Alpha 1 Construction, to his creditors from the date of service of this Order through the date of the hearing.

////
////
////
////
////
////
////
////
////
////
////
////

## NOTICE TO JUDGMENT DEBTOR

IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITORS IN THIS PROCEEDING.


DATED: July 13, 2015

_____
UNITED STATES MAGISTRATE JUDGE


**Respectfully submitted,**

**LAQUER, URBAN, CLIFFORD & HODGE LLP**


*/s/ Nathan R. Ring*
_____
Michael A. Urban, Esq., Nevada State Bar No. 3875
Nathan R. Ring, Esq., Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone:  (702) 968-8087
Electronic Mail:  murban@luch.com
                 nring@luch.com
***Counsel for Plaintiffs/Judgment Creditors***

6